# UNITED STATES DISTRICT COURT

for the
### Western District of Kentucky
### Louisville Division

| | |
|---|---|
| Mark Stanton | ) |
|     *Plaintiff* | ) |
| | ) |
| v. | )    Case No. 3:14-CV-262-H |
| | ) |
| LVNV Funding, LLC | ) |
|     *Defendant* | ) |
| Serve: | ) |
|     Corporation Service Company | ) |
|     2711 Centerville Road, Suite 400 | ) |
|     Wilmington, DE 19808 | ) |
| | ) |

## COMPLAINT

### INTRODUCTION

1.  This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

2.  Defendant LVNV Funding, LLC attempted to collect interest or fees from Plaintiff Mark Stanton that it has no legal right to recover. In particular, LVNV is reporting false information concerning Mr. Stanton to consumer reporting agencies. This false information includes interest and fees to which LVNV has no right to recover. These and other acts by LVNV violate the FDCPA.

### JURISDICTION

3.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

4.  Plaintiff Mark Stanton is a natural person who resides in Bullitt County, Ky.  Mr. Stanton is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5.  Defendant, LVNV Funding, LLC, is a foreign limited liability company, which has not registered with the Kentucky Secretary of State. LVNV is engaged in the business of purchasing debt from creditors and collecting these debts from consumers in this state. LVNV's principal place of business is located at Bank of America Building, 200 Meeting Street, Suite #206, Charleston, SC 29401-3187.

6.     LVNV regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

7.     Mr. Stanton applied for and received two Sears credit card accounts with Citibank South Dakota, N.A. in July 2008 (acct. # beginning with 50499) and November 2008 (acct. # beginning with 51210).

8.     Mr. Stanton's Sears credit card accounts were both used to purchase goods and services used only for personal, family or household purposes, which makes the Sears debts both "debts" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

9.     Mr. Stanton fell behind on his payments on the Sears debts.

10.     Mr. Stanton made his last payment on both Sears credit card accounts in April 2009.

11.     Citibank "charged off" both of Mr. Stanton's accounts as bad debts in November 2009.

12.     The amount of the debt on acct. # 50499 was $2,859.00 on the date of charge off and amount of the debt on acct. # 51210 was $6,060.00 on the date of charge off.

13.     On or about December 2, 2009 Citibank sold both charged off debts to LVNV.

14.     Upon information and belief, $2,859.00 was still the amount due on acct. # 50499 on the date of sale and $6,060.00 was still the amount due on acct. # 51210 on the date of sale.

15.     Upon information and belief, LVNV had no legal right to charge and accrue interest on Mr. Stanton's Citibank debt.

16.     In October or November of 2013, Mr. Stanton requested and reviewed a copy of his consumer credit report from Trans Union, LLC.

17.     Mr. Stanton's consumer report revealed that LVNV was reporting negative information concerning Mr. Stanton and the two Sears credit card debts.

18.     LVNV furnished negative information concerning Mr. Stanton in connection with the two Sears credit card debts to one or more consumer reporting agencies in an attempt to collect debts from him within the meaning of the FDCPA. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

19.     LVNV reported that the current balance due on acct. # 50499 is $3,743.00 as of October 7, 2013, which is $884.00 more than the amount of the debt at the time it was charged off

by Citibank.

20.     LVNV reported that the current balance due on acct. # 51210 was $7,803.00 as of July 2013, which is $1,743.00 more than the amount of the debt at the time it was charged off by Citibank.

21.     LVNV had neither a contractual nor statutory right to impose and accrue interest on Mr. Stanton's Sears credit card debts as reflected on his Trans Union consumer credit report.

### Claims for Relief: Violations of the Fair Debt Collection Practices Act

22.     The foregoing acts and omissions of LVNV Funding, LLC constitute violations of the FDCPA, including, but not limited to:

   **a.**     Violation of 15 U.S.C. §1692e(2)(A): LVNV falsely represented the amount owed on the Sears credit card debts by adding interest or fees to the debts that LVNV had no legal right to collect from Mr. Stanton;

   **b.**     Violation of 15 U.S.C. §1692e(5): LVNV attempted to collect interest on the Sears credit card debts that LVNV had no legal right to collect from Mr. Stanton thereby threatening to take an action that cannot legally be taken;

   **c.**     Violation of 15 U.S.C. §1692e(8): LVNV reported false credit information to one or more consumer reporting agencies concerning the Sears credit card debts by adding interest to the debt that LVNV knew or should have known that it had no legal right to collect from Mr. Stanton;

   **d.**     Violation of 15 U.S.C. §1692e(10): LVNV falsely represented the amount owed on the Sears credit card debts by adding interest or fees to the debts that LVNV had no legal right to collect from Mr. Stanton; and

   **e.**     Violation of 15 U.S.C. § 1692f(1): LVNV attempted to collect an amount not "authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) by, including but not limited to attempting to collect interest and/or fees on the Sears credit card debts that LVNV had neither a contractual nor statutory right to collect.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mark Stanton requests that the Court grant the following relief:

1.      Award Plaintiff actual damages;

2.      Award Plaintiff statutory damages;

3.      Award Plaintiff reasonable attorney's fees and costs; and

4.      Such other relief as may be just and proper.


Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
4055 Shelbyville Road
Suite B
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyclc.com